IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

99.4747

---

**MONIQUE ABELL,**

   Plaintiff,

**VS**

**PROGRESSIVE HOME ADVANTAGE,**      NO. _____
**PROGRESSIVE INSURANCE COMPANY**
**and HOMESITE INSURANCE COMPANY**
**OF THE MIDWEST,**

   Defendants.

---

## NOTICE OF REMOVAL

---

**TO:**    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION:

Pursuant to 28 U.S.C. § 1441(a), et seq., Defendants hereby file their Notice of Removal of this action from State Court to this Honorable Court and respectfully state as follows:

### THE REMOVED CASE

1. On January 19, 2011, Plaintiff Monique Abell (hereinafter referred to as "Plaintiff") commenced a civil action in the Circuit Court of Shelby County, Tennessee ("State Court") styled <u>Monique Abell v. Progressive Home Advantage, Progressive Insurance Company, and Homesite Insurance Company of the Midwest</u>, Docket No.: CT-000255-11. The Civil Action is still pending in State Court.

## PAPERS REMOVED FROM ACTION

2. Defendants first received a copy of the Summons and Complaint in the Civil Action on January 25, 2011. Copies of the Summons, Complaint, Plaintiff Monique Abell's First Set of Interrogatories to Defendants, and Plaintiff Monique Abell's First Requests for Production of Documents and Things Propounded upon Defendants, attached hereto as <u>Exhibit A</u>, constitute all process, pleadings, and Orders served upon the Defendants in the Civil Action to date.

## THE REMOVAL IS TIMELY

3. This Notice of Removal has been filed within thirty (30) days following the Defendants' receipt of a copy of the Complaint and, therefore, removal is timely under 28 U.S.C. § 1446(b).

4. Defendants have, to date, done nothing in the Civil Action in State Court that would in any way affect this Court's removal and subject matter jurisdiction in this case.

## THE VENUE REQUIREMENT IS MET

5. Venue of the removal is proper under 28 U.S.C. § 1441(a) because this Honorable Court is the United States District Court for the district and division corresponding to the place where the State Court action is pending.

## **DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES**

6. The Civil Action is one in which this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 and removal jurisdiction pursuant to 28 U.S.C. §§ 1441, 1446 in that:

a. Plaintiff both at the time of the filing of the Civil Action and as of the date of filing this Notice asserts that she is a citizen of the State of Tennessee.

b. Defendant, Progressive Insurance Company, both at the time of the filing of the Civil Action and as of the date of filing this Notice, was and is an Ohio Corporation whose principal place of business is located in Mayfield Village, Ohio.

c. Defendant, Homesite Insurance Company of the Midwest, both at the time of the filing of the Civil Action and as of the date of filing this Notice, was and is a Connecticut corporation whose principal place of business is located in Boston, Massachusetts.

d. Defendant, Progressive Home Advantage, is a marketing program of Progressive Insurance Company that offers homeowner's insurance underwritten by Defendant Homesite Insurance Company of the Midwest. As noted above, Progressive Insurance Company is an Ohio corporation whose principal place of business is located in Mayfield Village, Ohio.

e. Because the Plaintiff is a citizen of the State of Tennessee, Defendant Progressive Insurance Company is a citizen of the State of Ohio, Defendant Homesite Insurance Company of the Midwest is a citizen of the State of Connecticut and Massachusetts and Progressive Home

Advantage is a marketing program of Progressive Insurance Company who is a citizen of the State of Ohio, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY REQUIREMENT IS MET

7. The monetary value of the amount in controversy exceeds $75,000.00 exclusive of costs and interest as required by 28 U.S.C. § 1332(a) because Plaintiff's Complaint seeks damages in the amount of Four Hundred Fifty Thousand Dollars ($450,000.00).

## FILING OF REMOVAL PAPERS

8. Pursuant to 28 U.S.C. § 1446(d), written Notice of the removal of this action has been given simultaneously to Plaintiff's counsel.  Also, a Notice of Filing of Notice of Removal is simultaneously being filed in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis.  A true and correct copy of this Notice is attached hereto as Exhibit B.

**WHEREFORE,** Defendants, without waiving and in preserving its objections and Motions, pray that the Civil Action now pending against them in the Circuit Court for Shelby County, Tennessee be removed therefrom to this Honorable Court and that further proceedings be conducted in this Honorable Court as provided for by law.

Respectfully submitted,

**McNABB, BRAGORGOS & BURGESS, PLLC**

s/  John A. Peebles
JOHN A. PEEBLES #22228
Attorney for Defendants
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
Telephone: (901) 624-0640
Fax: (901) 624-0650
jpeebles@mbb-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon the below listed attorney of record *via* ECF and U.S. Mail this the 18th day of February, 2011.

Andrew L. Wener Esq.
100 North Main Bldg.
Suite 1234
Memphis, TN 38103

s/ JOHN A. PEEBLES

S:\ACTIVE FILES\4747.99\SUBSTANTIVE\Notice of Removal.doc